UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION

United States Courts
Southern District of Texas
FILED

DEC 05 2013

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v | § | CRIMINAL NO. C-13-718(1) |
| | § | |
| GUILLERMO FLORES CORDERO | § | |
| | § | |
| | § | |
| | § | |

MEMORANDUM OF PLEA AGREEMENT

1. The Defendant knowingly and voluntarily agrees with the United States, through the United States Attorney for the Southern District of Texas, through the undersigned Assistant U.S. Attorney to plead guilty to Count ONE of the above-numbered indictment.

2. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty and truthful testimony to the Court at the time of the Defendant's re-arraignment and sentencing and for the Defendant's truthful rendition of facts to the U.S. Probation Department for the preparation of the Defendant's Pre-sentence Investigation Report, the government will recommend the Defendant be given maximum credit for acceptance of responsibility and a sentence of imprisonment at the lowest end of the applicable guideline range. In addition, the government will move to dismiss Count Two at the time of sentencing.

3. Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information.

1

This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance. Substantial assistance is understood by both parties to require good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation, and the Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be binding upon the Defendant. The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government, and that the decision whether to grant such a motion rests solely with the Court.

4. Pursuant to §1B1.8 of the Sentencing Guidelines, the Government agrees to recommend to the Court that any information tendered by the Defendant during debriefing sessions with the Government, to the extent that such information was unknown to the Government prior to the debriefings, not be utilized in the calculation of his sentencing guideline range.

5. Neither the Government nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court.

6. The defendant is aware that the sentence will be determined with reference to the United States Sentencing Commission's *Guidelines Manual* (U.S.S.G.). Defendant acknowledges and

agrees that the Court on Count One may impose any sentence of up to and including 20 years imprisonment, which is the maximum term provided for a violation of 18 USC §§1956(a)(1)(B)(i), 1956(a)(2)(B)(i), and (h), and that the sentence to be imposed is within the sole discretion of the Court in accordance with the Sentencing Reform Act of 1984, 18 USC § 3553(a)(1) and (2), and § 3661. If the Court should impose any sentence up to the maximum established by statute, defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. §2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

8. In agreeing to this waiver, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. The defendant understands that the sentencing range is advisory only, therefore the Court may impose a sentence that is lower or

higher than that range. The United States does not make any promise or representation concerning what sentence the defendant will receive.

9. The United States reserves the right to carry out its responsibilities under guideline sentencing. Specifically, the United States reserves the right:

(a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a pre-sentence report;

(b) to set forth or dispute sentencing facts or facts material to sentencing;

(c) to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office; and,

(d) to file a pleading relation to these issues, in accordance with U.S.S.G. Section 6A1.2.

10. Should it be judged by the Government the Defendant has committed or attempted to commit any additional crimes from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, the Government will be released from its obligations to recommend credit for acceptance of responsibility and/or to move for a reduction in sentence for substantial assistance and is free to argue for any sentence with statutory limits. Such a breach by the Defendant will not release the Defendant from his plea of guilty and the terms of this plea agreement. Furthermore, the Defendant will be subject to prosecution for all criminal activity, including perjury, false statement, and obstruction of justice, which is attempted or committed subsequent to the signing of this agreement by the Defendant. The Defendant further understands and agrees the special assessment is due and payable to the U.S. District Clerk's Office immediately following the Defendant's sentencing.

11. Defendant, GUILLERMO FLORES CORDERO, hereby agrees and to forfeit whatever interest he may have in those assets listed in the indictment, supplemental notice of forfeiture, and second supplemental notice of forfeiture, and stipulates that the following property is subject to forfeiture:

(1) N135GL Learjet 55 Serial Number 012, Engine Manufacturer Garrett TFE731-3AR-2B, Engine Serial #'s P85136 and P85138, seized in San Antonio, Texas on August 23, 2013;

(2) All funds on deposit at HSBC Bank, account number 373517076 in the name of Leticia GALAN, specifically $154,372.05 in United States currency, seized on August 23, 2013;

(3) All funds on deposit at HSBC Bank, account number 373516991 in the name of Guillermo FLORES, specifically, $191,868.72 in United States currency, seized on August 23, 2013;

(4) UBS Financial Services, account number WT6980305 in the name of Guillermo FLORES, specifically, $505,779.49 in United States currency seized on August 23, 2013;

(5) UBS Financial Services, account number WT698295 in the name of Leticia GALAN, specifically $445,576.02 in United States Currency seized on August 23, 2013;

(6) Federal Capital Bank of El Paso, Texas, account number 21004009 in the name of Guillermo FLORES and Leticia GALAN, specifically $7,615.97 in United States currency seized on August 23, 2013;

(7) Federal Capital Bank of El Paso, Texas, account number 23002795 in the name of Guillermo FLORES and Leticia GALAN, specifically $1,147.96 in United States currency seized on August 23, 2013;

(8) All funds on deposit in Capital Bank of El Paso account # 20003291 in the name of Guillermo FLORES and Leticia GALAN, specifically $1,086,321.02 in United States currency in the names of Guillermo Flores and Leticia Galan seized on August 23, 2013;

(9) All funds on deposit in certificate of deposit account number 57561 in the name of Celia Palomares de Gonzalez, a.k.a. Celia de Santiago Palomares at Inter National Bank of McAllen, Texas, specifically $3,866,221.95 in United States currency seized on November 21, 2013; and

(10) The real property and improvements located at 8 Legends Court, San Antonio, Texas 78257, with a legal description of: Lot 45, New City Block 34034, The Legends at the Dominion, (Planned Unit Development), in the City of San Antonio, Bexar County, Texas, according to the map or plat thereof recorded in Volume 9533, Pages 41-43, Deed and Plat Records of Bexar County, Texas.

12. Defendant, GUILLERMO FLORES CORDERO, consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of Defendant's assets to deliver all funds and records of such assets to the United States.

Defendant waives the right to challenge the forfeiture of property, in any manner, including by direct appeal or in a collateral proceeding.

Defendant consents to the order of forfeiture becoming final as to the Defendant immediately following this guilty plea pursuant to Fed.R.Crim. P. 32.2(b)(4).

13. The Defendant agrees to waive any and all interest and not contest, for any reason, any related administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to forfeit the following property, and hereby stipulates and agrees that there is a factual basis that supports the forfeiture of those assets, specifically,

(A) The following property subject to administrative forfeiture by the Drug Enforcement Administration:

1) Gates Learjet 25 Fixed Wing Jet, Mexican Registered Aircraft, F.A.A. Registration/Tail Number XB-LYG, Learjet Model LJ25 Aircraft Serial Number 25D-364, with Engine Serial #'s 211-305A and 211-315A.

14. If the defendant is not a citizen of the United States, a plea of guilty may result in deportation, exclusion from admission to the United States, or the denial of naturalization.

_____  
GUILLERMO FLORES CORDERO  
Defendant

12/05/2013  
_____  
Date

_____  
ROY BARRERA, JR.  
Attorney for Defendant

December 5, 2013  
_____  
Date

KENNETH MAGIDSON  
UNITED STATES ATTORNEY

By: _____  
JULIE K. HAMPTON  
Assistant United States Attorney

12-5-13  
_____  
Date