UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| CELIA PALOMARES DE GONZALEZ; aka CELIA DE SANTIAGO PALOMARES, *et al*, <br><br>        Movants,<br>VS.<br><br>GUILLERMO FLORES CORDERO, *et al*,<br><br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§    CRIMINAL ACTION NO. 2:13-CR-718<br>§<br>§<br>§<br>§ |

### OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL RULE 26 INITIAL DISCLOSURES AND ORDER SETTING DEADLINE FOR FILING A RESPONSE TO THE MOTION TO DISMISS

Pending is Petitioners,' Celia Palomares de Gonzalez, a.k.a. Celia de Santiago Palomares, Alvaro Elias Garcia Gonzales, and Celia Isabel Garcia Gonzalez, as next friend of Celia Palomares de Gonzalez, motion to compel Rule 26(a) initial disclosures (D.E. 128).  FED. R. CIV. P. 26(a).  The United States filed its response on May 27, 2014 (D.E. 129).  The motion was referred to undersigned United States Magistrate Judge.

Petitioners timely filed their original petition (ancillary proceeding) asserting an interest in the property to be forfeited, approximately 3.8 million dollars on deposit at the Inter National Bank of McAllen, Texas, in a certificate of deposit for account number 57561 in the name of Celia Palomares de Gonzalez aka Celia de Santiago Palomares (D.E. 118).  FED. R. CR. P. 32.2(c)(1).  The United States has moved to dismiss the petition, arguing that Petitioner Alvaro Elias Garcia Gonzales has no standing to assert an interest in the property, and that there is insufficient evidence before the court to permit

Celia Isabel Garcia Gonzalez to appear as next friend for Petitioner Celia Palomares de Gonzalez, a.k.a. Celia de Santiago Palomares (D.E. 122).  The United States did not move to dismiss the Petition as it relates to the standing of Petitioner Celia Palomares de Gonzalez, a.k.a. Celia de Santiago Palomares.

The United States correctly cites to FED. R. CR. P. 32.2(c)(1)(A) & (c)(1)(B), which states that the United States may move to dismiss the petition for lack of standing or for failure to state a claim, or for any other reason.  The rule expressly states that all factual allegation in the petition *are assumed to be true* for purposes of ruling on any motion to dismiss, and that discovery may be permitted *after* the disposition of any motion to dismiss.  Petitioners have not specified any particular discovery or initial disclosures that are necessary to resolve the issues raised in the motion to dismiss, and the court cannot conceive of any reason why such initial disclosures or discovery would be needed to resolve the issue of standing or appropriateness of the appointment of a next friend.

Accordingly, the motion to compel Rule 26 disclosures (D.E. 128) is denied without prejudice.  Petitioners' response to the United States' motion to dismiss shall be filed within thirty days of the date of this order.

ORDERED this 28th day of May, 2014.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE